UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KARAMCHAND DOOBAY**  **DOCKET NO. 2:25-cv-01914**
**REG. # 67572-018**  **SECTION P**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**WARDEN PATE**  **MAGISTRATE JUDGE LEBLANC**

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Karamchand Doobay on December 1, 2025. Doc. 1. Doobay is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Doobay filed a petition for writ of habeas corpus challenging the determination that he is not eligible to apply FTC (federal time credits) under the First Step Act earned prior to his Final Order of Removal. Doc. 6. Petitioner contends that he earned "substantial" First Step Act Time Credits prior to July 30, 2024, which were assessed and posted to his Time Credit Assessment. Doc. 6-1, p. 1. On July 30, 2024, the Department of Homeland Security (DHS) issued a Final Administrative Removal Order (doc. 1-3), at which time the BOP removed his previously applied

credits. *Id*. at p. 2. Doobay argues that the "BOP's retroactive removal of these credits extended Petitioner's incarceration beyond the release date he had lawfully earned under the FSA." *Id*.

He asks this Court to order the BOP to recalculate and apply all FTCs which were lawfully earned, calculated and applied prior to entry of the July 30, 2024 Final Administrative Order of Removal and, if the application results in immediate release, order the BOP to transfer him to DSH/ICE custody to effect deportation. Doc. 6, p. 6.

## II.
## LAW & ANALYSIS

Prisoners with a final order of removal or deportation are ineligible to apply First Step Act time credits, as provided in 18 U.S.C. §3632(d)(4)(E). However, Petitioner argues that time credits earned *prior* to the entry of any final order of deportation should be applied to his sentence regardless of the later entry of such an order.

This question was recently addressed by the Eastern District of Texas in *Ortega v. Warden, FCI-Texarkana*, No. 5:23-CV-107, 2025 WL 3618826 (E.D. Tex. Sept. 9, 2025), *report and recommendation adopted*, No. 5:23-CV-107, 2025 WL 3618305 (E.D. Tex. Dec. 12, 2025), and *Zuluaga v. Warden, FCI-Texarkana*, 5:23-CV-128, 2025 WL 2632550 (E.D. Tex. July 11, 2025), *report and recommendation adopted*, No. 5:23-CV-128, 2025 WL 2409198 (E.D. Tex. Aug. 20, 2025). In each case, the Eastern District of Texas relied upon the court's finding in *Chocon-Gomez v. King,* Civil Action No. 24-cv-2737, 2024 U.S. Dist. LEXIS 238542, 2024 WL 5381457 (D.Minn., September 26, 2024) in denying habeas petitions raising the same issue. There, the District of Minnesota explained as follows:

> Under 18 U.S.C. § 3632(d)(4)(E)(i), "[a] prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." Chocon is ineligible to apply his earned time credits under the FSA, because he is subject to a final order of removal. *See Delgado* Decl. ¶ 4, Ex. B. Pursuant to a provision of an immigration law,

specifically 8 U.S.C. § 1225(b)(1), a Notice and Order of Expedited Removal was entered for Chocon on July 18, 2016 and served on Chocon on July 30, 2024. *Id*. Because of this final order of removal, Chocon's immigration status is not unresolved, and he is therefore precluded pursuant to 18 U.S.C. § 3632(d)(4)(E)(i) from applying his earned time credits towards an early release of July 2024.

It is well settled that a prisoner with a final order of removal, such as Chocon, is not eligible to apply earned time credits under the FSA for an early release. *See Jenkins v. Segal*, No. 23-cv-425 (WMW/DTS), 2023 U.S. Dist. LEXIS 193751, 2023 WL 7131024, at *2 (D. Minn. Oct. 30, 2023) ***("[A] prisoner with a final order of deportation is not eligible to apply accrued earned time credits to the imposed sentence" even "earned time credits ... accrued prior to the deportation order" because "[t]he statute does not differentiate eligibility based upon when the deportation was ordered"),*** affd, 2023 WL 11692933 (8th Cir. Dec. 1, 2023); *Quiceno v. Segal*, No. 23-cv-358 (NEB/DJF), 2023 U.S. Dist. LEXIS 98954, 2023 WL 3855295, at *3 (D. Minn. Apr. 21, 2023) ("[T]he FSA clearly states that 'a prisoner is ineligible to apply FSA Time Credits if the prisoner is the subject of a final order of removal under any provision [of] the immigration laws.'" (quoting 18 U.S.C. § 3632(d)(4)(E)(i))), report and recommendation adopted sub nom., 2023 U.S. Dist. LEXIS 97916, 2023 WL 3853433 (D. Minn. June 6, 2023).

*Chocon* at *3-4 (emphasis added).

This Court agrees with the *Ortega*, *Zuluaga* and *Chocon* courts' finding that the statute does not differentiate eligibility based upon when the deportation was ordered and thus concludes that Petitioner's final order of deportation precludes him from applying any First Step Act time credits to his sentence, whether earned before or after the rendition of the final order of deportation. Petitioner's claim is without merit.

### III.
#### CONCLUSION

For the reasons stated above, Doobay's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** and all pending motions denied as MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in chambers this 22nd day of January, 2026.

                                            THOMAS LEBLANC
                                  UNITED STATES MAGISTRATE JUDGE